MARC A. KARLIN, ESQ. Cal. SBN 137558
**KARLIN & KARLIN**
A Professional Law Corporation
3701 Wilshire Boulevard, Suite 1035
Los Angeles, California 90010
(213) 365-1555
(213) 383-1166 facsimile
mkarlin@karlaw.com

Attorneys for Applicants Mohamed Foda, M.D. and Mohamed Foda, P.C., a Canadian professional corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOHAMED FODA, M.D.; MOHAMED FODA, P.C., a Canadian professional corporation,<br><br>Applicants,<br><br>vs.<br><br>RATEMDS, Inc., a California corporation,<br><br>Respondent. | CASE NO. CV 10-80099 MISC JW (PVT)<br><br>**NOTICE OF MOTION AND MOTION FOR APPLICATION FOR ORDER TO TAKE THIRD PARTY DISCOVERY VIA SUBPOENA PURSUANT TO 28 U.S.C. § 1782; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MOHAMED FODA, M.D.**<br><br>Date:       July 6, 2010<br>Time:      10:00 a.m.<br>Courtroom: 5–4th Floor<br>Judge:     The Hon. Patricia V. Trumbull, U.S. Magistrate Judge |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 6, 2010 at 10:00 a.m. in Courtroom 5–4th Floor of the above-entitled Court, located at 280 S. First Street, San Jose, California 95113, APPLICANTS MOHAMED FODA, M.D., an individual, and MOHAMED FODA, P.C., a Canadian professional corporation (hereinafter "Applicants"), will, and hereby do move the Court, pursuant to 28 U.S.C. § 1782, to issue a subpoena for records and documents, including electronically stored information, to Respondent RATEMDS, Inc. (hereinafter "Respondent"), which Applicants are informed and believe, and thereon allege, is a corporation organized under the laws of the State of California, with its

–1–

1  principal place of business in Sunnyvale, California. Applicants seek discovery relative to two (2)
2  legal proceedings currently pending before the Provincial Court (Court of Queen's Bench) in
3  Edmonton, Alberta, Canada.

4        The Canadian proceedings currently pending in the Provincial Court (Court of Queen's
5  Bench) in Alberta, Judicial District of Edmonton, Canada are: *Mohamed Foda v. Capital Health, et*
6  *al.*, Action No. 0403-18518; *Mohamed Foda and Mohamed Foda Professional Corporation v. John*
7  *Doe, et al.*, Action No. 0803-04506.

8        This Motion is based upon this Notice, the accompanying Memorandum of Points and
9  Authorities, the Declaration of Mohamed Foda, M.D., all exhibits attached thereto, and upon such
10 other pleadings, evidence and argument as the Court may entertain prior to or at the hearing of this
11 motion.

12
13 Respectfully submitted,
14
   Date: May 25, 2010
15
                              KARLIN & KARLIN
16                            A PROFESSIONAL LAW CORP.
17
                              By /s/ Marc Karlin
18                            MARC A. KARLIN
                              Attorneys for Applicants
19
20
21
22
23
24
25
26
27
28

—2—

28 U.S.C. §1782 Application

**MEMORANDUM OF POINTS AND AUTHORITIES.**

**I.**

**JURISDICTION & INTRODUCTION**

The jurisdiction of this Court over the subject matter of this Application is predicated upon 28 U.S.C. § 1331 and 28 U.S.C. § 1782. Applicants are, respectively, a resident of Canada and a Canadian professional corporation. Applicants seek the issuance of a subpoena for records and documents, including electronically stored information, to Respondent RATEMDS, Inc. (hereinafter "Respondent"), which Applicants are informed and believe, and thereon allege, is a corporation organized under the laws of the State of California, with its principal place of business in Sunnyvale, California. Applicants seek discovery relative to two (2) legal proceedings currently pending before the Provincial Court (Court of Queen's Bench) in Edmonton, Alberta, Canada.

Venue is proper in the Northern District, San Jose Division, pursuant to Civil L.R. 3-2(c), because many of the events or omissions giving rise to this Application arose in this District, and Respondent, has its principal place of business in the City of Sunnyvale, County of Santa Clara. Moreover, Applicants seek the discovery of information held or controlled by Respondent from its principal place of business.

**II.**

**STATEMENT OF PERTINENT FACTS.**

Background.

Dr. Foda has been a general surgeon since 1980. In 1990, Dr. Foda immigrated to Canada from Egypt. Dr. Foda has qualified as an independent consultant in urology in the speciality field of urologic surgery.[1] In the course of his career, Dr. Foda has earned a total of ten (10) medical qualifications from Egypt, the United Kingdom, Canada and the United States. Dr. Foda currently maintains an engrossing office and hospital medical practice in Alberta, Canada.

In November 2007, Dr. Foda learned that there were several postings under his

---

[1] Similar to board certification in the United States.

-3-

1  name on the website www.RateMDs.com, which, upon information and belief, is owned and operated
2  by Respondent RATEMDS, Inc. of Sunnyvale, California. RateMDs.com publishes ratings of
3  physicians on a scale of 1 to 5 (1 being the worst; 5 being the best) and postings by anonymous
4  individuals about their physicians. A physician's overall quality rating is based upon the average of
5  his/her helpfulness and knowledge rating and determines what type of "smiley face" the physician
6  receives. Postings are published from, *inter alia*, the United States, the United Kingdom and Canada.
7       Until December 29, 2007, RateMDs.com contained several false and defamatory comments
8  regarding Dr. Foda. Under the listing of "Dr. M. Foda" the overall quality rating was indicated by a
9  blue "smiley face," which is RateMDs.com's designation for poor. Under the listing of "Dr.
10 Mohamod (*sic*) Foda," the overall quality rating was indicated by a green "smiley face," which is
11 RateMDs.com's designation for average. On December 30, 2007, RateMDs.com eliminated some of
12 the defamatory comments regarding Dr. Foda as well as several favorable comments which were
13 associated with higher ratings.
14      However, after December 30, 2007, false and defamatory statements regarding
15 Dr. Foda remained on RateMDs.com, including the following anonymous comment from
16 October 1, 2007:
17
18      "This doctor proscribed me an antibiotic that causes birth defects after I
19      clearly told him I was 4 months pregnant!! Apparently he made a 'mistake.'"
20
21      On April 20, 2008, another false and defamatory statement (which includes
22 a number of suspicious spelling and grammatical errors) regarding Dr. Foda was posted on
23 RateMDs.com.

-4-

Prior Application.

Previously, in 2008, Applicants filed an Application with this Court, *Mohamed Foda, M.D., et al. v. RATEMDS, Inc.*, CV08-80130 MISC RMW (RS), to obtain discovery from Respondent regarding the identity of the person or persons who posted false and defamatory comments about Dr. Foda and his medical practice on RateMDs.com on certain dates from April 1, 2007 to April 20, 2008.

This Court granted Applicants' Application, and a subpoena for records was served upon Respondent in July 2008. Only partial documents were retrieved from Respondent under subpoena. (See, Declaration of Mohamed Foda, M.D. "Foda Dec.," filed and served currently herewith.)

Current Application.

Since July 2008, additional negative comments have been posted on RateMDs.com regarding Dr. Foda and his medical business, including the following posting from August 2009:

> My husband also had problems with the scheduling done at Dr. Foda's office. I am not sure why there is such difficulty. My husband rescheduled his appointment and when we called to confirm the date we were told there was no appointment so we had to make another appointment.

Dr. Foda is of the opinion that none of the referenced false and defamatory statements were posted by his patients. These statements, it is Dr. Foda's belief, were posted by the parties (and/or their associates) to Dr. Foda's 2004 Canadian litigation. This litigation has not concluded. (See, Foda Dec.)

Additionally, in testimony taken on May 22, 2009, from Robert Martin of Alberta Health Services, a defendant in the above-referenced Canadian litigation, it was adduced that some of the RateMDs.com postings at issue had been traced back to the Alberta Health Services' (formerly Capital Health) computer system. (See, Ex. D, Foda Dec.) However, Defendant Capital Health /Alberta Health Services failed to reveal the exact identity of the poster, who had restricted access to

28 U.S.C. §1782 Application

1  his/her computer system through login and password codes. Defendant Capital Health /Alberta
2  Health services stated during the course of the ongoing litigation that a software program change in
3  early 2008 made it impossible for it to track and identify the poster. (Ex. C, Foda Dec.)
4      Therefore, the only verifiable source for the information sought by the Applicants is
5  Respondent, RateMDs.com.
6      Moreover, since this Court granted Applicants' prior Application in July 2008, unexplained
7  deletions were made to several positive comments posted on RateMDs.com regarding Dr. Foda and
8  his medical practice, including the following verbatim postings:

10  10/3/09       5 5 5 5 We in Alberta are very lucky to have the best of the
11                        best in his field, I have been a patient of Dr. Foda's for
12                        5 years and am more than happy with his knowledge and
13                        treatment, to many he is a life saver.
14  *The above posting was deleted on 10/04/2009 and reinstated on 4/04/2010.*

16  10/16/09      5 5 5 5 Great Urologist! Gentle, informative, gave options,
17                        appropriately conservative, good personality, skills,
18                        treated staff well and was skilled. He, of course, will
19                        continue to be my Urologist.
20  *The above posting was deleted on 10/20/2009.*

22  10/20/09      5 5 5 5 I am an MD and I feel Dr. Foda is a great urologist,
23                        Knowledgeable, gentle, good explainer, evaluates the
24                        risks, gives good options and treats both me and his staff
25                        well. He will continue to be my Urologist!
26  *The above posting was deleted on 10/21/2009.*

28 U.S.C. §1782 Application

| | | |
|---|---|---|
| 1 | 10/21/09 | 5 5 5 5 Yesterday I rated Dr. Foda and the rating was collaborated |
| 2 | | as having been entered under this software rating system. |
| 3 | | SOMEONE REMOVED MY NEW RATING WITHOUT |
| 4 | | MY CONSENT. Can this removal be done by anyone or |
| 5 | | has it been done by the owners of the website? Anyway |
| 6 | | I will say again that I am an MD and feel that dr. Foda is a |
| 7 | | fine urologist, informative, attentive, gentle with excellent |
| 8 | | diagnostic skills and who gives appropriate counsel re |
| 9 | | treatment options. He will remain my urologist! |

*The above posting was deleted on 4/04/2010.*

Given the above-detailed factually justification, and based upon the below cited legal authority, this Court should grant Applicant's discovery request.

### III.

### THIS COURT IS AUTHORIZED TO ISSUE THE REQUESTED SUBPOENA.

Legal Authority.

Applicants hereby apply to the Court for an order pursuant to 28 U.S.C. § 1782 and Rules 26, 30, 34 and 45 of the Federal Rules of Civil Procedure, granting Applicants leave to serve Respondent, RATEMDS, Inc., a California corporation, which has a business address of 247 Arriba Dr., #3, Sunnyvale, California 94086, with the subpoena attached as Exhibit A to the accompanying Proposed Order.

Title 28 U.S.C. § 1782 allows litigants in foreign proceedings to seek and obtain discovery from persons and entities residing or found in the United States for use those proceedings before a foreign tribunal. To obtain an order for such discovery, an application under § 1782 must show:

(a) the person or entity from which discovery is sought resides or is found in the district of the district court to which the application is made;

(b) the requested discovery is for use in a proceeding before a foreign tribunal; and

(c) the party requesting the discovery is an "interested person" with respect to the foreign proceeding.

This Application meets these requirements.

First, the requested discovery is for use in connection with two (2) civil actions being prosecuted by Applicants in the Provincial Court (Court of Queen's Bench) in Edmonton, Albert, Canada: (a) on September 17, 2004, Applicants filed a civil action in that court against a number of corporate and individual defendants upon claims of defamation, harassment, conspiracy, interference with economic interest, malicious prosecution and breach of contract: and (b) on March 31, 2008, Applicants filed a Statement of Claim in the same court for defamation against yet unidentified persons who posted untrue comments regarding Applicants, Dr. Foda and his medical practice, on the Internet site www.RateMDs.com, which Applicants are informed and believe, and thereon alleged, is owned and operated by Respondent, RATEMDS, Inc. RATEMDS, Inc., a California corporation, is within the jurisdiction of this Court and is subject to this Court's authority with respect to the requested discovery.

Second, Applicants are interested parties in the aforementioned foreign tribunal proceedings because they are named parties in said aforementioned foreign civil proceedings. *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 243-244 (2004).

Third, the discovery requested under the proposed subpoena is directly related to, and for use in, each of the aforementioned foreign civil proceedings currently pending in the Provincial Court (Court of Queen's Bench) in Edmonton, Alberta, Canada, as set forth herein. See, *In Re Linerboard Antitrust Litig.*, 333 F.Supp.2d 333 (E.D. PA 2004) (discovery authorized under §1782 for use in connection with claims being asserted in a foreign court).

If the threshold requirements are met, a district court may order a person or entity residing within its district to produce documents for use in a foreign legal proceeding, unless it would violate a legal privilege. In considering whether to grant such a request, a district court should weigh the

factors set forth in *Intel*, being: (1) whether the "person from whom discovery is sought is a participant" in the foreign case; (2) the nature and character of the foreign proceeding, and whether the foreign court is receptive to judicial assistance from the United States; (3) whether the discovery request is an attempt to avoid foreign evidence-gathering restrictions; and (4) whether the discovery request is "unduly intrusive or burdensome." *Intel Corp., supra*, 542 U.S. at 264-66.

The Subject Subpoena

By the subject subpoena, Dr. Foda seeks to discover the identity of the person or persons who have posted all comments regarding him and his medical practice since 2007 to present in order to determine if any parties should be added, forthwith, to Applicants' litigation in Canada.

By the subject subpoena, Dr. Foda also seeks to discover the identity of the person or persons who have directed and/or actually eliminated the positive posted comments about him and his medical practice since 2007 to present, and to discover the complete details behind the deletions of the positive postings, ratings and comments in order to determine if any malicious parties should be added, forthwith, to Applicants' litigation in Canada.

As stated previously, the writing style and subject matter of the defamatory comments posted regarding Dr. Foda and his medical practice upon RateMDs.com seem to point to some of the defendants to the Canadian litigation initiated by Dr. Foda in 2004. The identity of these posters is needed to determine if in fact said posters are the defendants (or their confederates) to the 2004 Canadian litigation. Time is of the essence, as the 2004 litigation is reaching a conclusion.

In the event the posters at issue are not patients of Dr. Foda, Dr. Foda intends to amend his March 31, 2008 Canadian litigation to name said person(s) as defendants to that action. In the very unlikely event the postings at issue are traced back to Dr. Foda's patients, Dr. Foda does not intend to proceed with the March 31, 2008 litigation or to name any of his patients to the 2004 litigation.

Privacy Concerns.

Applicants understand that courts have held that civil subpoenas seeking information regarding anonymous individuals may raise First Amendment concerns. *Doe v. 2TheMart.com Inc.*, (W.D. Wash. 2001) 140 F.Supp.2d 1088, 1092-93. The Constitution, however, does not protect tortious, defamatory, or libelous speech. *Doe v. Cahill*, (Del. 2005) 884 A.2d 451, 456, *citing, Chaplinsky v. State of New Hampshire*, (1942) 315 U.S. 568, 572. "Those who suffer damages as a result of tortious or other actionable communications on the Internet should be able to seek appropriate redress by preventing wrongdoers from hiding behind an illusory shield of purported First Amendment rights." *In re Subpoena Duces Tecum to America On-Line, Inc.*, No. 40570, 2000 WL 1210372, at *5 (Va. Cir. Ct. Jan. 31, 2000).

Here, evidence exists that in November 2007, a posting of "scary" was made under Dr. Foda's name at www.RateMDs.com from a computer located at Capital Health/Alberta Health Services, a party to the aforementioned Canadian litigation. (Ex. D, Foda Dec., pp. 31-33.)

Moreover, several of the other postings at issue contain clearly actionable language. (See, Ex. A, Foda Dec.) These posting can be considered "trade libel," which is the publication of matter disparaging the quality of another's property, which the publisher should recognize is likely to cause pecuniary loss to the owner. *Optinrealbig.com, LLC v. Ironport Systems, Inc.*, (N.D. Cal. 2004) 323 F.Supp.2d 1037, 1048.

Since the discovery sought is in support of legitimate and on-going foreign litigation, within the parameters of the discovery assistance § 1782 was intended to facilitate, Applicants respectfully request that the Court grant the instant Application.

//
//
//
//
//
//
//

28 U.S.C. §1782 Application

## IV.

## CONCLUSION.

WHEREFORE, Applicants Mohamed Foda, M.D. and Mohamed Foda, P.C., a Canadian professional corporation, respectfully pray that this Court enter an Order:

    A.    Granting Applicants' Application for discovery from Respondent RATEMDS, Inc. pursuant to 28 U.S.C. § 1782;

    B.    Authorizing Applicants to issue to Respondent RATEMDS, Inc., pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, a subpoena for the production of documents and things in the form attached to the Proposed Order as Exhibit A;

    C.    Authorizing Applicants to issue to Respondent RATEMDS, Inc., pursuant to Rule 45 of the Federal Rules of Civil Procedure, subpoenas for the production of additional documents as Applicants deem reasonably appropriate based upon review of the initial documents and information produced by Respondent;

    D.    Appointing Marc A. Karlin, a member of the bar of this Court, to issue, sign and serve such subpoena(s) upon Respondent RATEMDS, Inc.

Respectfully submitted,

Date: May 25, 2010

                      KARLIN & KARLIN
                      A PROFESSIONAL LAW CORP.

                      By _____
                      MARC A. KARLIN
                      Attorneys for Applicants