**EXHIBIT "B"**

This is Exhibit " B " referred to in the
Affidavit of
Mohamed Foda
Sworn before me this     20th     day
of     May          A.D., 20 10

A Notary Public, A Commissioner for Oaths
in and for the Province of Alberta
Patty P. Ko
Barrister & Solicitor

DEPONENT: MIKE SOROCHAN
DATE SWORN: February 19, 2009.

Action No. 0803-04506

IN THE COURT OF QUEEN'S BENCH OF ALBERTA

JUDICIAL DISTRICT OF EDMONTON

BETWEEN:

## MOHAMED FODA AND MOHAMED FODA PROFESSIONAL CORPORATION

Plaintiffs

- and -

## JOHN DOE AND/OR JANE DOE

Defendants

## AFFIDAVIT

I, MIKE SOROCHAN, of the City of Edmonton, in the Province of Alberta, MAKE OATH AND SAY THAT:

1.      I am an Information Technology Specialist and as such have personal knowledge of the matters herein deposed to, except where stated to be based upon information and belief, in which case I verily believe the same to be true.

2.      Attached hereto as Exhibit "A" is a copy of my Curriculum Vitae.

3.      I am advised by Nicole Schultz, legal counsel, and do verily believe that attached hereto as Exhibit "B" is a certified copy of an Order granted by the United States District Court for the Northern District of California on July 16, 2008 (the "Order").

4.      I am advised by Ms. Schultz and do verily believe that attached hereto as Exhibit "C" is a copy of the Subpoena authorized by the Order.

This is Exhibit " " referred to in the
Affidavit of
B. Mailloux [?]

Sworn before me this _____ day
of _____ A.D. 20__

_____
A Notary Public, A Commissioner for Oaths
in and for the Province of Alberta
Patty F. Ko
Barrister & Solicitor

*NOTARY PUBLIC — PROVINCE OF ALBERTA — PATTY F. KO*

- 2 -

5.    I am advised by Ms. Schultz and do verily believe that attached hereto as Exhibit "D" is a copy of the document that was produced by www.RATEMDS.com as the result of the Subpoena (the "Record").

6.    www.RATEMDS.com is a website on the Internet World Wide Web and I am advised by Ms. Schultz and do verily believe that it is owned and operated by a California corporation by the name of RATEMDS.INC..

7.    The Record provides a list of messages that were posted on the website www.RATEMDS.com, the date the said messages were posted and an "IP" for each. The Record also lists the central time the said messages were posted, meaning that the time that the said messages were posted is determined by the time zone that operates in the central United States.

8.    The "IP" identifies the internet address of the Internet Service Provider by which the computer from which a message originated, was connected to the Internet when the message was sent (the "Originating Computer").

9.    I used a web service found at www.whatismyipaddress.com, which is an Internet service that is generally and reliably used by Internet users for the purpose of identifying the name and location of an Internet Service Provider, using an IP. The results from this Internet service were confirmed by me, using an alternate Internet service found at http://aruljohn.com/track.pl, which is also an Internet Service that is generally and reliably used by Internet users for the purpose of identifying the name and location of an Internet Service Provider, using an IP.

10.    Exhibit "E" is a list of the names and location of each Internet Service Provider identified by the Internet services used and described in Paragraph 9, at each IP corresponding to the relevant messages posted on www.RATEMDS.com, as described in Paragraph 7, along with a summary of my observations. My findings, compiled in Exhibit "E", are the same whether I use the web service found at www.whatismyipaddress.com or http://aruljohn.com/track.pl.

11.    Each Internet Service Provider is able to determine from the information in Exhibits "D" and "E", with respect to its IP, the identity of the Originating Computer.

subscriber who is
providing a connection
to the

- 3 -

12.    Upon determining who had access to the Originating Computer, when a message originated from that computer, the author of the relevant message shown on Exhibit "D" can be identified where the said author had been the only person to access the Originating Computer.

13.    If the Originating Computer was accessible by more than one person, using software recognized as reliable and commonly used for the purpose, it is often possible to determine which of the multiple users of the Originating Computer sent the relevant message in Exhibit "D" by determining which person used the Originating Computer at the time the message was posted, as described in Paragraph 7.

SWORN BEFORE ME at the City of          )
Edmonton, in the Province of Alberta, this  )
___ day of February, 2009                 )
                                          )
_____          )    _____
A Commissioner for taking Affidavits for  )    MIKE SOROCHAN
Alberta.

Solicitor.

This is Exhibit " A " referred to in the
Affidavit of
Mike Sorochan
Sworn before me this ___19___ day
of _February_ A.D.,2009
_____
A Notary Public, A Commissioner for Oaths
in and for the Province of Alberta
                              Solicitor.

# MICHAEL W. SOROCHAN

PHONE (780) 438-0957

CELL (780) 995-0957

FAX (780) 473-6009

E-MAIL mike@thefishingcenter.com

2733 124 Street, Edmonton, AB T6J 4T2 • L (780) 438-0957 • C (780) 995-0957 • Sorochan@hotmail.com

# Michael W. Sorochan

As a result of a fine education and wonderful professional experiences, I have become an innovative professional with a broad background. I have been fortunate to have had over 16 years on the cutting edge of the Information Technology Industry from both a technical and sales prospective. I am fortunate to be an expansive thinker, and as you will have noted, my education and profession have combined that gift with a unique combination of high-tech knowledge, marketing savvy, and gratifying interpersonal skills. I am able to quickly grasp new ideas and technologies, to analyze the immediate and potential applications for marketing, sales and business development. I have often been able to spot ideas for additional markets which were not readily apparent. I have an outstanding record of achievement in delivering business solutions that have resulted in significant profit and customer satisfaction. I have solid planning and organizational skills with a proven ability to work well in a team environment as well as determined self-motivation in individual roles. I am considered honest, loyal and to have a great work ethic.

## Professional Experience

### Business Development

#### Fireball Equipment Ltd. (2005-Present)

- Originally a contract position, my work with Fireball has developed in to a full time roll contributing and various capacities to this growing dynamic company. I have continued in many aspects of the work I was originally contracted to do, primarily in product and market development for the Fuel Management practice at Fireball mainly focusing on the mining and municipal markets.

- A significant part of the contract role was to determine a product line of Fuel Management Hardware and Software to add to the stable of products at Fireball with a long term goal of positioning Fireball as a leader in this area.  My lengthy background in Information Technology allowed me to quickly analyze the leading products available and assess them with regards to ease of use for the end user, security of product and data, and data gathering and disseminating capabilities.  Fireball is currently a leading supplier of Refueling systems in the mining industry across the Alberta Oil Sands and Coal Mining in British Columbia, Alberta, and Saskatchewan.

- As a companion product line, I evaluated Tank Level Monitoring Systems, to incorporate this functionality to Fireball's Fuel Management Practice.  Tank Level Monitoring and Tank Management are also very technology intensive and much consideration had to be given to the ease of use for the end user, functionality and compatibility with our existing stable of products.  We have successfully introduced a product line to the Canadian market which enhances our existing Fuel Management install base and greatly enhances our overall solution offering.

- I have also been extensively involved in the overall marketing strategy for the company and the development of its print and online presence.

#### Madentec Limited (2004-2005)

- I worked with Mexican Government Agencies and our Mexican Distributor in promoting the use of Madentec Technology in a large scale Universal Computer Access Initiative in that country. This was greatly facilitated by my fluency in Spanish.
- I found potential distributors in Argentina, Columbia and Venezuela through working with Canadian Trade Offices in those countries as well as personal contacts.

- I worked with the organizing committee for one of the first large scale assistive technology conferences in Western Canada.
- I promoted the wide scale adoption of assistive technology by Alberta Education and School Divisions across Alberta. We at Madentec did some good, here; and it was a tremendous opportunity for my professional development.
- I also worked with School Districts, Healthcare Facilities and local distributors in the United States in the use and promotion of Madentec Technology. It is a very different private and public sector business environment in the United States. I was glad to learn that I could work well in each; and my professional skills were also enhanced.
- I translated the Madentec Product Catalog into Spanish as well as other marketing and business documents.

## Government of Alberta – Innovation and Science (2001)

- I studied, cataloged, categorized and evaluated wireless technology companies in Alberta, to assist in understanding the emergence and development of that industry in our province. This was great foresight.
- I contacted key individuals within more than 100 companies and produced a database for development of the Alberta Technology Development and Economic Diversification Strategies.
- I studied the global wireless industry identifying the dominant current and future trends. I learned not only about the emergence of this industry, but a lot of significant research methods for obtaining data and insight into global technology development—some of which skills are not generally known.
- I identified Alberta based companies, which are dominant in key areas, and evaluated them based on their viability and prospects for global growth.

## OA Internet Inc (2000-2001)

- I was the Wireless Communications Specialist responsible for developing a province wide network for High Speed Internet mainly addressing the needs of rural communities.
- My responsibilities included securing real estate licenses, and towers and rooftop space for wireless propagation, securing Industry Canada licensing for the operation of licensed band radio equipment, and municipal business and building permits where required. Additional responsibilities included Custom Wireless LAN Design both as a support to the sales team and in direct sales to customers.
- I took on additional special projects, including a successful defense against an appeal of the construction of a large distribution tower, which was crucial in moving the service to two major rural centers. I also researched developing new business opportunities such as Internet Co-operatives and other innovative plans to bring high-speed access to smaller rural centers.

## Charon Systems Inc. (2002-2004)

- I was significantly instrumental in the development of Charon First Nations through transforming a customer relationship into a business partnership.
- I also assisted in the development of the Northwest Territories Proposal to the Industry Canada Northern Rural Broadband Initiative. This proposal was subsequently accepted and granted to the group of aboriginal organizations from across the Northwest Territories who eventually comprised the committee.

## Sales and Marketing

### Fireball Equipment Inc.        Fuel Systems Specialist (2006-Present)

- Develop new and enhance current markets for our Fuel Systems Practice with special focus on the Heavy Industrial market place.
- Assist other sales people in the quoting, planning and implementation of Fuel Management, Fluid Control and Tank Management systems.

### Charon Systems Inc.        Senior Account Manager (2002-2004)

- I also managed consultative sales of Charon's Define IT, Ensure IT, Thin IT, Secure IT, Deliver IT, and Business Productivity products and services. Charon is the flagship Canadian reseller of Citrix, Checkpoint and ASP services with locations across Canada.
- I assisted in opening the Edmonton Branch Office and developing the Northern Alberta market. I opened new

markets for Charon's remote server management services in Northern Canada, and signed Charon's largest ASP Customer.

**OA Comp Inc.**   **Senior Account Manager  (1996-2000)**
- This was my first position after I graduated from University. It was tremendous training .OA Comp. Inc. was a leading supplier of corporate and government computer equipment and services.
- I achieved Top Sales for the OA Group of Companies In 1999 with over $3.4 Million in sales, and was inducted into the "Presidents Club" for yearly sales over $2M.
- I was the first to reach $1 Million in sales for 1998, 1999 and 2000.
- I achieved 114% of Quota in 1998 ($2.7M Total with a quota of $200K/month) and 115% of Quota in 1999 ($3.4M Total with a quota of $250K/month, the highest quota In the company)

## Education

December 1994            Bachelor of Education            University of Alberta, Edmonton, AB

**Major:** English **Minor:** Teaching English as a Second Language **Specialties:** Social Studies, Computer Science, Ecology, and Outdoor Education.

## Interests and Volunteer Activities
- I am involved with Alberta Sustainable Resources Conservation Programs and other outdoor related activities. (Alberta Fisheries Enhancement Award Recipient 2001).
- I am a senior Scout and Venturer leader for the Boy Scouts of Canada.
- I was a member of the 2005 ACRAT "AT The Edge" Organizing Committee.
- I served for several years as a volunteer in an organization to help people improve their employability, and network for new employment.

## Languages
- Native Language: **English.** (I am able to understand accents and new speakers well)
- Second Language: **Spanish** (Fluent written and oral, with two years experience in South America (Argentina)

## References

References are available on request.

This is Exhibit " $B$ " referred to in the
Affidavit of
Mike Sorochan
Sworn before me this 19 day
of February A.D.,20 09

A Notary Public, A Commissioner for Oaths
in and for the Province of Alberta

*E-FILED 7/16/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOHAMED FODA, M.D., et al., | NO. C 08-80130 MISC. RMW (RS) |
| Applicants, | ORDER GRANTING |
| v. | APPLICATION FOR ISSUANCE |
| | OF SUBPOENA UNDER 28 U.S.C. |
| RATEMDS, Inc., | § 1782 |
| Respondent. | |

Before the Court is the application of Mohamed Foda, M.D., for an order under 28 U.S.C. § 1782 permitting him to serve a subpoena to discover the identity of the person or persons who posted comments about him and his medical practice on RateMDs.com, in connection with litigation now pending before the Provincial Court in Edmonton, Alberta, Canada. Good cause appearing, it is hereby ordered that:

(1) Foda may serve a subpoena in substantially the same form as attached as Exhibit A to its application. The subpoena shall specify the date for production of documents not less than 45 days after service.

(2) A copy of this order shall be served with the subpoena.

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a
document which was electronically filed with the United States
District Court for the Northern District of California.
Date Filed: 7/16/08
RICHARD W. WIEKING, Clerk
Deputy Clerk

United States District Court
For the Northern District of California

1    (3) This order is without prejudice to the rights of any person to seek a protective order, or to

2    quash or modify the subpoena under Rule 45 of the Federal Rules of Civil Procedure.  Any motion

3    seeking such relief shall be filed under this case number, and shall be noticed for hearing before the

4    undersigned in conformance with the Civil Local Rules.

5

6    IT IS SO ORDERED.

7

8    Dated: July 16, 2008

                              RICHARD SEEBORG

9                                  United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING APPLICATION FOR ISSUANCE OF SUBPOENA UNDER 28 U.S.C. § 1782
C 08-80130 MISC. RMW (RS)

2

**United States District Court**
For the Northern District of California

1 | **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2 | Marc Alan Karlin    karlinlaw@msn.com

3

4 | Counsel are responsible for distributing copies of this document to co-counsel who have not
registered for e-filing under the Court's CM/ECF program.

5

6 | Dated: 7/16/08                                    Richard W. Wieking, Clerk

7

8 |                                                   By: _____**Chambers**_____

9

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING APPLICATION FOR ISSUANCE OF SUBPOENA UNDER 28 U.S.C. § 1782
C 08-80130 MISC. RMW (RS)

3

This is Exhibit " C " referred to in the
Affidavit of

*Mike Sorochan*

Sworn before me this 1 9 day
of *February* A.D., 20 09

*[signature]*

A Notary Public, A Commissioner for Oaths
in and for the Province of Alberta

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### Northern District of California

Mohamed Foda, M.D.; Mohamend Foda, P.C.,
a Canadian professional corporation,

V.

RATEMDS, Inc., a California corporation.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO:
The Custodian of Records, RATEMDS, Inc.

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment.

| PLACE | DATE AND TIME |
|---|---|
| U.S. Legal Support, 180 Montgomery Street, Suite 2180, San Francisco 94104 | TBA |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| , Attorney for Applicants | May 15, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Marc A. Karlin, SBN 137588, 3701 Wilshire Blvd., Suite 1035, Los Angeles, CA 90010; (213) 365-1555

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)                        MANNER OF SERVICE

SERVED BY (PRINT NAME)                        TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
    The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT

## DEFINITIONS AND INSTRUCTIONS

Unless the context indicates otherwise, the following words and phrases have the meanings given:

1.    "You" or "your" mean and refer to RATEMDS, Inc. or www.RateMDs.com, their employees, agents, representatives and attorneys, and their corporate predecessors, successors, affiliates, divisions, branches, subsidiaries and related entities, all persons acting for or on their behalf.

2.    Your production must include requested documents, materials and files from any file server, mainframe computer, mini computer, personal computer, notebook or laptop computer, personal data assistant, or other storage device, including but not limited to e-mail. All requested files that are still on storage media and identified as erased, but still recoverable, shall be included.

3.    The term "document" is broadly defined to include all media on which information is recorded or stored, pursuant to *Federal Rules of Civil Procedure* Rule 34 (a)(1)(A), and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic, photographic, electronic or otherwise recorded matter, however produced or reproduced, and all writings, of any nature, whether on paper, magnetic tape, electronic or optical media or other information storage means, including film, tapes, computer disks or cards, or personal data assistant memory; and where any such items contain any marking not appearing on the original or are altered from the original, then such items shall be considered to be separate original documents.

4.    The terms "relate," "related," or "relates" mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting on, evidencing, describing or otherwise relating to the subject matter.

5.    As used herein, "all," "any," "each," or "every" means "all, any, each and every."

Attachment to Subpoena

6.    All documents shall be produced in the booklet, binder, file, folder, envelope, or other container in which the documents are kept by you. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings. Documents attached to each other should not be separated.

7.    If a document once existed, but has been lost, destroyed, erased or otherwise is no longer in your possession, identify the document and state the details concerning the loss or destruction of such document, including the name and address of the present custodian of any such document known to you.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NUMBER 1:**

All documents relating to the identity of any person or entity who supplied information regarding "Dr. M. Foda," "Dr. Mohamod (*sic*) Foda," or "Dr. Mohamed Foda" (hereinafter "Dr. Foda") of Alberta, Canada, including posting that appeared on www.RateMDs.com on April 1, 2007; May 26, 2007; June 27, 2007; September 18, 2007; October 1, 2007; and, April 20, 2008.  These documents include:

    (a)    All documents identifying any individual or individuals who provided information relating to Dr. Foda (hereinafter "Disclosing Person(s)"), including the true name(s), adddrss(es), Internet protocol ("IP") address(es) and e-mail address(es);

    (b)    All communication from or to any Disclosing Person(s) relating to Dr. Foda; and,

    (c)    all documents received from or sent to any Disclosing Person(s) relating to Dr. Foda.

Attachment to Subpoena                                    - 2 -

| rdate | ip | rcomments | Observations/ Findings |
|---|---|---|---|
| 05/26/07 | 161.184.180.242 | I found Dr. Foda to ignore problems until drastic measures were required.    Had to call numerous times to get an appointment.  Felt that Dr. Foda did not do required follow up in a timely manner.  Did not inform patients of what he did in the OR. eg remove tumors.  Would have died if not for another Dr. | Ip assigned to the Telus Dial-Up Internet Service. The actual call to the ISP could have originated from anywhere and likely only the phone bill will provide the required information. |
| 06/27/07 | 161.184.204.123 | This dr. does not care and his surgical procedures are scary!!! I've heard a lot of bad news about him from a number of his former patients who almost died without immediate treatment in the U of A Emergency. | Ip assigned to the Telus Dial-Up Internet Service.  The actual call to the ISP could have originated from anywhere and likely only the phone bill will provide the required information. |
| 10/01/07 | 65.255.184.165 | This doctor prescribed me an antibiotic that causes birth defects after I clearly told him I was 4 months pregnant!! Apparently he made a 'mistake'. | The ip is assigned to the Optic-Lynx a division of Cable T.V. of Camrose Inc. |
| 11/24/07 | 198.161.230.10 | scary | The ip is assigned to Capital Health, as this is an organization, depending on the sophistication of their network hardware and software, they may be able to tell you which computer internally was on the website at the time and date indicated. |
| 04/20/08 | 154.11.98.45 | My experiance With Dr. Foda was very disappointing.  Not only did he miss diagnose my problem but he refused to listen for two minutes and jumped to a very poor conclusion without even an examination.  I would rate him as a very poor Dr. | The ip is assigned to the Telus ADSL Service. |

This is Exhibit " E " referred to in the
Affidavit of
*Mike Sorochan*
Sworn before me this 19 day
of _____ A.D. 2009
_____
A Notary Public, A Commissioner for Oaths
in and for the Province of Alberta

DEPONENT: MIKE SOROCHAN
DATE SWORN: February ___, 2009
Action No. 0803-04506

IN THE COURT OF QUEEN'S BENCH
OF ALBERTA
JUDICIAL DISTRICT OF EDMONTON

BETWEEN

**MOHAMED FODA AND MOHAMED
FODA PROFESSIONAL CORPORATION**

Plaintiffs

- and -

**JOHN DOE AND/OR JANE DOE**

Defendants



**AFFIDAVIT**

DAVIS LLP
Barristers & Solicitors
1201 Scotia 2 Tower, Scotia Place
10060 Jasper Avenue
Edmonton, Alberta
T5J 4E5

Robert B. White, Q.C.
Phone: 780.429.6803
Fax: 780.702.4352

File No. 73236-00002 RBW/exm

Davis:3985228.5

Sheet1

| rid | rdate | ip | s | p | h | k | email | rcomments |
|---|---|---|---|---|---|---|---|---|
| | RateMDs.com ratings for Dr. Mohamed Foda of Edmonton, AB | | | | | | | |
| 265719 | 04/07/07 05:14 PM | 209.89.245.113 | 0 | 5 | 5 | 5 | NULL | Always felt good about his sevice |
| 294890 | 04/23/07 04:50 PM | 205.206.79.227 | 0 | 5 | 5 | 5 | NULL | Very nice doctor, even the nurses have commented to me on how great he is to work with, he is informative and takes his time for discussions, I believe he is a brilliant doctor. |
| 317697 | 05/13/07 11:30 PM | 142.179.234.161 | 0 | 5 | 5 | 5 | NULL | This man goes out of his way to make you feel like you are his only paient at that time. When you go him he does follow up calls to see how you are. Great doctor. |
| 329215 | 05/26/07 12:05 PM | 161.184.180.242 | 0 | 2 | 1 | 3 | NULL | I found Dr Foda to ignore problems until drastic measures were required. Had to call numerous times to get an appointment. Felt that Dr Foda did not do required follow up in a timely manner. Did not inform patients of what he did in the OR. eg remove tumors. Would have died if not for another Dr. |
| 355157 | 06/27/07 07:32 PM | 161.184.204.123 | 1 | 1 | 1 | 1 | NULL | This dr. does not care and his surgical procedures are scary!!! I've heard a lot of bad news about him from a number ofhis former patients who almost died without immediate treatment in the U of A Emergency. |
| 365904 | 07/13/07 04:33 PM | 161.184.19.164 | 5 | 5 | 5 | 5 | barbee1@telus.net | I found that Dr.Foda, took the time, to make sure, that I would be treated for my problem.I have seen him twice and he makes me feel like a person, instead of a number.He was very kind and took the time to listen, to what I had to say.He let me ask questions and never once rushed me.He was the only doctor that would not give up.I would see him any time and be happy, to go, for my appointment. |
| 422585 | 10/01/07 06:38 PM | 65.255.184.165 | 3 | 2 | 1 | 1 | NULL | This doctor prescribed me an antibiotic that causes birth defects after I clearly told him I was 4 months pregnant!! Apparently he made a 'mistake'. |
| 449312 | 11/24/07 01:53 PM | 198.161.230.10 | 3 | 3 | 3 | 3 | NULL | scary |
| 570982 | 04/20/08 04:46 PM | 154.11.98.45 | 1 | 5 | 1 | 2 | NULL | My experiance With Dr. Foda was very dissapointing. Not only did he miss diagnose my problem but he refused to listen for two minutes and jumped to a very poor conclusion without even an examination. I would rate him as avery poor Dr. |

This is Exhibit " D " referred to in the
Affidavit of
Mike Sorochan
Sworn before me this [ 9 ] day
of _____ A.D. 20 09
A Notary Public, A Commissioner for Oaths
in and for the Province of Alberta

Sheet1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 656619 | 08/05/08 12:19 PM | 64.229.222.123 | 3 | 4 | 5 | 5 | NULL | Dr foda was extremely helpful to my husband and was set out immediately to correct his health problem.when time came for us to move out of the province he gave us a detailed course of action in order to care for my husband's problem.We highly recommend him. |
| | | | | | | | | |
| Notes: | | | | | | | | |
| Ratings 265719, 355157, and 449312 are not visible on the ratemds.com website because we thought they were inappropriate. | | | | | | | | |
| We only have the email address for one of the ratings because logging in is not required and most of our users do not log in. | | | | | | | | |
| All times are in Central time. | | | | | | | | |

Page 2

**U.S. LEGAL SUPPORT**
144 South Spruce Avenue, South San Francisco CA, 94080
PHONE: (650) 873-9188  FAX:(650) 873-8081

23537-01

*ref # 23537-01*

## DECLARATION OF CUSTODIAN OF RECORDS

RECORDS ON: **RATEMDS, Inc.**

D.O.B.:          S.S.N.:          LOCATION: **RATEMDS, Inc.**

I being the duly authorized custodian of records and having the authority to certify the records, declare the following:

**1. DESCRIPTION OF RECORDS PRODUCED:**  (Must select at least one)

____Medical  ____Billing  ____Radiological  ____Insurance  ____Employment

____Payroll  ____Academic  ✓ Other  *doctor ratings*

The records were prepared by the personnel of the business in the ordinary course of business at or near the time of the act, condition, or event.

**2. THE RECORDS INDICATED BELOW WERE REQUESTED BUT DO NOT EXIST:**

____Medical  ____Billing  ____WCAB Recs  ____Insurance  ____Physical Therapy  ___Sign-in sheets

____Employment  ____Pathology reports/materials  ____Prescription/Pharmacy  ____Photographs

____Videotapes  ____Paramedic/Ambulance  ____Psychiatric  ____Payroll  ____Academic  ____Xrays

____Radiological  ____Other/Explanation_____

**3. IN WHAT MANNER WERE THE PRODUCED RECORDS PREPARED:**  (Must select at least one)

✓ Data/Computer Generated  ____Typed/Hand Written Notes  ____Summary  ____Radiological

____Audio/Video  ____Pathological  ____Other_____.

**4. CERTIFICATION OF RECORDS COPIED OR OBTAINED:**  (Must select at least one)

✓ The produced records is a true copy of all the records described in the Deposition Subpoena, Subpoena Duces Tecum or Authorization.

____Pursuant to Evidence Code Section 1560(e), the original records described in the Deposition Subpoena/Subpoena Duces Tecum were delivered to the Attorney or the Attorney's representative for copying at the witness' place of business.

____The following records were omitted or could not be produced at this time for the following reason:

_____

**5. CERTIFICATION OF NO RECORDS:**  (Must select at least one)

_____A thorough search of our files, carried out under my direction revealed no documents, records or other material called for in the Subpoena or Authorization.

_____Existing records not within the time limitation set forth in the request.

_____All records have been destroyed in accordance with our document retention policy.

_____Other explanation: _____

**Under penalty of perjury and under the laws of California, I the CUSTODIAN of RECORDS, declare that the foregoing is true and correct.**

Date: _8/30/08_   City _Sunnyvale_, California.

| Custodian Signature ⟶ | Print name _John Swiderski_ Signed _____ |

**(OFFICE USE ONLY) CERTIFICATION OF PROFESSIONAL PHOTOCOPIER**

I, the undersigned, declare that I made true copies of all of the original records that were given to me by the Custodian of Records at the above named location. I declare under penalty of perjury that the foregoing is true and correct.

Executed on _9/19/08_   At _Sunnyvale_, California

Print name _Kevin Mason_   Signed _Kevin Mason_