UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOHAMED FODA, M.D., et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>CAPITAL HEALTH, et al.,<br><br>                Defendants, | Case No.: C 10-80099 MISC JW (PVT)<br><br>**ORDER DENYING MOTION FOR AN ORDER TO TAKE THIRD PARTY DISCOVERY VIA SUBPOENA PURSUANT TO 28 U.S.C. § 1782**<br><br>**(Re: Docket No. 3)** |

On May 25, 2010, Plaintiffs filed a Motion for an Order to Take Third Party Discovery via Subpoena Pursuant to 28 U.S.C. § 1782.[1] No opposition has been filed.[2] Based on the papers submitted by Plaintiffs and the file herein,

IT IS HEREBY ORDERED that Plaintiffs' motion is DENIED.

### I.    LEGAL STANDARDS

District courts are authorized to order persons within their district to produce documents or

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] It appears from the docket that mail sent to address Plaintiff supplied for RateMDs, Inc. has been returned by the post office. Because the court finds Plaintiffs have not shown that Section 1782 assistance is warranted, it is unnecessary to require corrected service at this time.

ORDER, *page 1*

give testimony for use in a foreign or international tribunal.  *See* 28 U.S.C. § 1782(a).  Section 1782(a) provides, in relevant part:

> "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court."

The Court of Queen's Bench in Alberta, Canada clearly qualifies as "a foreign or international tribunal" for purposes of Section 1782.  And Plaintiffs appear to qualify as "interested persons."  Thus, this court has the authority to order RateMDs, Inc., which is located in this district, to produce the requested documents.  However, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

Factors courts consider in ruling on Section 1782(a) requests include, among other things, "the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance."  *Ibid*.  Another consideration is "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions."  *Id*. at 265.  Thus, although the Supreme Court rejected any categorical foreign-discoverability rule, it did indicate that foreign-discoverability may be considered by a court as a matter of comity in deciding whether to grant discovery in particular cases.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. at 243 ("comity and parity concerns may be legitimate touchstones for a district court's exercise of discretion in particular cases").

**II.    DISCUSSION**

In the present case, Plaintiffs have not shown that allowing the requested discovery is warranted.

As to postings on RateMDs.com prior to July 16, 2008, those postings were the subject of Plaintiffs' prior application for discovery from RateMDs, Inc. pursuant to Section 1782(a), which

1  was granted by the court.  If Plaintiffs believed that RateMDs, Inc.'s response was insufficient, they

2  should have timely moved to compel or for contempt.

3       As to the only comment posted after July 2008 discussed in Plaintiffs' application, Plaintiffs

4  have not shown a "compelling need for the discovery sought outweighs the First Amendment rights

5  of the anonymous speaker." *See, Doe v. 2TheMart.com Inc.*, 140 F.Supp.2d 1088 (W.D. Wash.

6  2001).  The posting at issue reads as follows:

> "My husband also had problems with the scheduling done at Dr. Foda's office. I am not sure why there is such difficulty.  My husband rescheduled his appointment and when we called to confirm the date we were told there was no appointment so we had to make another appointment."

10      While Plaintiffs argue that this statement is "false and defamatory," they make no factual

11 showing that this statement could form the basis for a cause of action under the laws of Alberta or

12 Canada.  In California, the tort of defamation requires, at a minimum, a showing that the statement is

13 false and unprivileged.  *See*, CAL.CIV.CODE § 45.  Plaintiffs have submitted no evidence from which

14 a reasonable trier of fact could determinat that Dr. Foda's staff have never incorrectly scheduled a

15 patient's appointment.  Moreover, the purpose of the postings on RateMDs.com appears to be so that

16 persons interested in learning about a doctor they are considering consulting can find out what

17 experiences other patients have had with that doctor.  This raises the distinct possibility that under

18 California law the communications would be privileged, and thus not actionable.  *See*,

19 CAL.CIV.CODE § 47(c) (communications made without malice to a person interested therein by one

20 who is also interested are privileged).

21      As to the positive comments that were deleted from RateMDs.com, Plaintiffs fail to explain

22 how such information would be relevant to either of the Canadian actions.  In the May 25, 2010

23 Interim Order, the court expressly directed Plaintiffs to brief this issue.  Because Plaintiffs have

24 made no showing that the information sought is relevant to the Canadian actions, denial of their

25 motion as to this information is warranted.

26      Finally, while Plaintiffs accurately list the factors courts consider in determining whether to

27 grant motions for Section 1782(a) discovery, they fail to discuss either the receptivity of the

28 Canadian court to the requested assistance or whether their Section 1782(a) request conceals any

attempt to circumvent foreign proof-gathering restrictions. Specifically, there is no discussion of whether or not discovery is currently open in either of the Canadian actions.

### III. CONCLUSION

Plaintiffs have failed to show that an order allowing them to serve the proposed subpoena on RateMDs, Inc. is warranted. The only posting they discuss that was not the subject of the court's prior order does not appear on its face to be actionable, and Plaintiffs have made no factual showing that the statement would be actionable under the laws of Alberta or Canada. Nor have they explained how information regarding the deletion of positive comments is relevant to either of the pending Canadian actions. Finally, Plaintiffs fail to provide sufficient information from which this court could determine whether or not the Canadian court would be receptive to this court's assistance. For all of these reasons, denial of Plaintiffs' motion is warranted.

Dated: July 26, 2010

*Patricia V. Trumbull*

PATRICIA V. TRUMBULL
United States Magistrate Judge